1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                           CENTRAL DISTRICT OF CALIFORNIA

10                                 WESTERN DIVISION

11   JOHN WHITE, III,                    )  Case No. CV 14-06858 (GJS)
                                         )
12                   Plaintiff,          )
                                         )  MEMORANDUM OPINION AND
13          v.                           )  ORDER
                                         )
14   CAROLYN W. COLVIN, Acting           )
     Commissioner of Social Security,    )
15                                       )
                                         )
16                   Defendant.          )
                                         )
17   _____)

18

19                        **I.    PROCEEDINGS**

20          Plaintiff John White, III ("Plaintiff") filed a complaint seeking review of the

21   Commissioner's denial of his applications for Disability Insurance Benefits

22   ("DIB") and Supplemental Security Income ("SSI").  The parties filed consents to

23   proceed before the undersigned United States Magistrate Judge, and motions

24   addressing disputed issues in the case (Plaintiff's Brief, and Memorandum in

25   Support of Defendant's Answer).  The Court has taken the motions under

26   submission without oral argument.

27   / / /

28   / / /

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## II.    BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

Plaintiff filed an application for DIB, alleging that he had been disabled since December 10, 2008, due to congestive heart failure and stroke symptoms. (Administrative Record ("AR") 113-14, 155).  After an administrative hearing, Plaintiff's application was denied in a written decision by an administrative law judge ("ALJ").  (AR 33-40, 1005-28).  The Appeals Council granted review, and remanded the matter for further proceedings.  (AR 45-46).

Meanwhile, Plaintiff filed an application for SSI.  (AR 141-50).  Plaintiff alleged that he had been disabled since November 1, 2008, due to a heart condition, a stroke, two heart attacks, a pacemaker, and cardiomyopathy.  (AR 141-50).

Following a supplemental hearing, an ALJ denied benefits in a written decision.  (AR 13-22, 1029-53).  The ALJ determined that, although Plaintiff has the severe impairments of congestive heart failure, status post myocardial infarction, and status post pacemaker implantation surgery, Plaintiff retains the residual functional capacity ("RFC") to perform a limited range of light work.[1] (AR 15-16).  The ALJ found that Plaintiff's limitations preclude the performance of Plaintiff's past relevant work, but not the performance of certain other jobs. (AR 20-21).  The Appeals Council denied Plaintiff's request for review.  (AR 6-8).

/ / /

/ / /

---

[1] Specifically, the ALJ found that Plaintiff has the ability to:  lift and/or carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk up to 2 hours in an 8-hour workday; and sit without restriction.  (AR 16).  The ALJ further found that Plaintiff must avoid exposure to heights, heavy machinery and extreme temperatures, and is precluded from crawling, walking on uneven terrain, and climbing ladders, ropes, or scaffolds.  (AR 16).

### III.   STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), the Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards.  *See Carmickle v. Commissioner*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L.Ed.2d 842 (1971) (citation and quotations omitted); *see also Hoopai*, 499 F.3d at 1074.

Where, as here, the Appeals Council considered additional material, but denied review, the additional material becomes part of the Administrative Record for purposes of the Court's analysis.  *See Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012) ("[W]hen the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence."); *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1232 (9th Cir. 2011) (courts may consider evidence presented for the first time to the Appeals Council "to determine whether, in light of the record as a whole, the ALJ's decision was supported by substantial evidence and was free of legal error"); *Penny v. Sullivan*, 2 F.3d 953, 957 n. 7 (9th Cir. 1993) ("the Appeals Council considered this information and it became part of the record we are required to review as a whole").

### IV.   DISCUSSION

Plaintiff contends that the ALJ:  (1) failed to articulate valid reasons for rejecting the opinion of Plaintiff's treating cardiologist, Howard Baik, M.D.; and (2) failed to properly consider the side effects of Plaintiff's medication.  (Plaintiff's Brief at 4-10).  As set forth below, the Court agrees with Plaintiff, in part, and

1   remands the matter for further proceedings.

2       **A. Dr. Baik**

3       Dr. Baik began treating Plaintiff for severe dilated cardiomyopathy and

4   congestive heart failure in March 2009.  (AR 410, 815-19, 825).  Plaintiff had a

5   history of prior heart attacks and stroke, and underwent pacemaker implantation

6   surgery in May 2009.  (AR 201-08, 214, 816).  Dr. Baik prescribed a variety of

7   medications to treat Plaintiff's heart conditions, including Coreg (carvedilol), a

8   beta blocker.  (AR 417, 458, 545, 608, 736, 795, 805, 817, 999).  Although Coreg

9   caused Plaintiff significant fatigue, Dr. Baik prescribed increasingly high doses of

10  the medication to manage Plaintiff's conditions.  (AR 415, 417-18, 544, 736, 738,

11  795, 800, 805, 819, 997, 999).

12       Dr. Baik issued three opinions addressing Plaintiff's ability to perform work-

13  related functions.  In August 2010, Dr. Baik wrote a letter stating that Plaintiff's

14  heart function was approximately one-third of the normal function.  (AR 413).  Dr.

15  Baik opined that Plaintiff would "not be able to perform continuous physical work

16  that requires 8 hours per day and 40 hours per week," and "will likely require 1.5

17  to 2 hours of rest after 4 hours of work."  (AR 413).  In December 2010, Dr. Baik

18  completed a cardiac impairment questionnaire.  (AR 415-20).  Dr. Baik reported

19  positive clinical findings of fatigue and symptoms of knee pain and muscle cramps.

20  (AR 415-16).  Dr. Baik noted that Plaintiff's echocardiogram supported the

21  diagnosis of cardiomyopathy.  (AR 416).  Dr. Baik assessed Plaintiff with the

22  ability to sit 6 hours in an 8-hour workday, stand/walk 4 to 5 hours in an 8-hour

23  workday, and lift and carry 20 to 50 pounds occasionally.  (AR 417-18).  Dr. Baik

24  also found that Plaintiff would be absent from work about two to three times a

25  month and that Plaintiff's problems with pain, fatigue or other symptoms would

26  interfere with Plaintiff's attention and concentration periodically.  (AR 418).  In

27  October 2012, Dr. Baik wrote a letter stating that Plaintiff experiences side effects

28  from the high doses of medication that he takes.  (AR 993).  Dr. Baik described

4

1   Plaintiff's main symptom as fatigue, and noted that it "may interfere with his
2   performing [ ] full time work."  (AR 993).
3        A treating physician's conclusions "must be given substantial weight."
4   *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *see Rodriguez v. Bowen*, 876
5   F.2d 759, 762 (9th Cir. 1989) ("the ALJ must give sufficient weight to the
6   subjective aspects of a doctor's opinion. . . . This is especially true when the
7   opinion is that of a treating physician") (citation omitted).  Even where the treating
8   physician's opinion is contradicted, "if the ALJ wishes to disregard the opinion[s]
9   of the treating physician he . . . must make findings setting forth specific,
10  legitimate reasons for doing so that are based on substantial evidence in the
11  record."  *Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir. 1987) (citation, quotations
12  and brackets omitted); *see Rodriguez*, 876 F.2d at 762 ("The ALJ may disregard
13  the treating physician's opinion, but only by setting forth specific, legitimate
14  reasons for doing so, and this decision must itself be based on substantial
15  evidence") (citation and quotations omitted); *see also Orn v. Astrue*, 495 F.3d 625,
16  631-33 (9th Cir. 2007) (explaining that deference still owed to treating physician's
17  opinion even if contradicted by other physician's opinion).
18       Plaintiff claims the ALJ rejected Dr. Baik's opinion without stating legally
19  sufficient reasons for doing so.  (AR 17-20).  The Court agrees.
20       First, the ALJ found that Dr. Baik's opinion regarding Plaintiff's work-
21  related limitations was inconsistent with the evidence of record.  (AR 19).  The
22  ALJ summarized the medical record, and emphasized facts suggesting that
23  Plaintiff's heart conditions had little effect on his body systems.[2]  (AR 18).  The

---

25  [2] The ALJ noted that Plaintiff's medical records indicated no signs of
26  ischemia, shortness of breath, orthopnea, chest pain, or dizziness, a slightly
    reduced to normal ejection fraction, mild cardiomegaly without acute processes,
27  occasional tenderness in the heart wall with normal heartrate, rhythm, heart
28  sounds, and pulses, a relatively normal brain imaging scan, no signs of lower

5

1   ALJ also noted that Dr. Baik had discontinued Plaintiff's prescription of
2   nitroglycerin, and reported Plaintiff's heart failure as "stable" and cardiomyopathy
3   as "resolved."  (AR 18, 738, 999).  However, the ALJ's focus on the absence of
4   clinical findings and symptomatology associated with Plaintiff's heart conditions is
5   not a legally sufficient basis for rejecting Dr. Baik's opinion, because Dr. Baik
6   asserted that Plaintiff's fatigue was the primary condition interfering with
7   Plaintiff's ability to perform full time work.  (AR 415, 993).  In other words,
8   Plaintiff's medical records do not conflict with or otherwise detract from Dr.
9   Baik's opinion that Plaintiff experienced significant fatigue, as a side effect of his
10  beta blocker medication (Coreg).  (AR 415, 544, 993, 999).  Thus, the ALJ's
11  conclusion that Dr. Baik's opinion is inconsistent with the medical record is not
12  supported by substantial evidence.

13       The ALJ additionally found that the opinions of the examining internist, Dr.
14  Afra, and the state agency medical consultant, Dr. Chiang, were inconsistent with
15  Dr. Baik's opinion.  (AR 19, 251-62).  The ALJ attributed significant weight to Dr.
16  Afra's and Dr. Chiang's findings that Plaintiff was capable of performing a range
17  of light work.  (AR 19); *see* 20 C.F.R. §§ 404.1567(b) ("Light work involves
18  lifting no more than 20 pounds at a time with frequent lifting or carrying of objects
19  weighing up to 10 pounds."), 416.967(b) (same).  However, the contradiction of a
20  treating physician's opinion by another physician's opinion triggers rather than
21  satisfies the requirement of stating "specific, legitimate reasons."  *See Valentine v.*
22  *Commissioner*, 574 F.3d 685, 692 (9th Cir. 2009) ("to reject the opinion of a
23  treating physician 'in favor of a conflicting opinion of an examining physician[,]'
24  an ALJ still must 'make [ ] findings setting forth specific, legitimate reasons for

26  extremity edema, normal gait and coordination, a properly functioning pacemaker,
27  an international normalized ratio within normal limits, and stable white blood cell
    count.  (AR 18).

6

1  doing so that are based on substantial evidence in the record'") (quoting *Thomas v.*

2  *Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002)); *Winans*, 853 F.2d at 647; *Lester v.*

3  *Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995).  Thus, the ALJ's reliance on Dr.

4  Afra's and Dr. Chiang's contrary findings does not justify rejection of Dr. Baik's

5  opinion.

6       Second, the ALJ asserted that Dr. Baik's opinion was "without substantial

7  support from the other evidence of record."  (AR 19).  However, as discussed

8  above, Dr. Baik's opinion that Plaintiff had an impaired ability to perform full-time

9  work was based primarily on Plaintiff's problems with fatigue.  (AR 993).  There

10  are several notations in the medical record linking Plaintiff's fatigue with his use of

11  medication.   (AR 306, 993, 997, 999).  The ALJ does not identify how Dr. Baik's

12  clinical findings fail to support his opinion. *See McAllister v. Sullivan*, 888 F.2d

13  599, 602 (9th Cir. 1989) (finding that rejecting the treating physician's opinion on

14  the ground that it was contrary to clinical findings in the record was "broad and

15  vague, failing to specify why the ALJ felt the treating physician's opinion was

16  flawed").  In the decision, the ALJ simply dismissed Plaintiff's complaints of

17  fatigue by noting that "Dr. Baik did not reduce his dosage or discontinue the [beta

18  blocker] medication."  (AR 18).  However, there is no indication in the record that

19  reducing the dosage of Plaintiff's beta blocker medication was a reasonable way to

20  treat Plaintiff's heart conditions.  Rather, the record shows that Dr. Baik found that

21  Plaintiff's conditions called for increasing dosages of Coreg over time, despite the

22  significant side effect of fatigue.  (AR 415, 417-18, 544, 736, 738, 795, 800, 805,

23  819, 997, 999).  Thus, the lack of objective medical evidence is not a specific,

24  legitimate basis for rejecting Dr. Baik's opinion.

25       Third, the ALJ found that Dr. Baik's opinion may have contained a

26  conclusory legal assertion of disability.  (AR 19).  Although the ultimate issue of

27  disability is reserved to the Commissioner, the ALJ still must set forth specific,

28  legitimate reasons for rejecting a treating physician's opinion that a claimant is

1
2
3
4
5

disabled.  *See Rodriguez*, 876 F.2d at 762 n. 7 ("We do not draw a distinction between a medical opinion as to a physical condition and a medical opinion on the ultimate issue of disability."); *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) ("In disability benefit cases such as this, physicians may render . . . opinions on the ultimate issue of disability - the claimant's ability to do work").

6
7
8
9
10
11
12
13

Finally, the ALJ asserted that Dr. Baik's opinion, as set forth in the October 2012 letter was vague, as it indicated that Plaintiff's fatigue "may interfere" with his ability to perform full time work.  (AR 19-20, n. 1).  However, if the ALJ found Dr. Baik's opinion too vague, she should have made attempts to clarify the extent of Plaintiff's limitations.  *See Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996) ("In Social Security cases the ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered.") (quoting *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983)).

14
15

In sum, the ALJ rejected Dr. Baik's opinion without stating specific, legitimate reasons for doing so.[3]

16

## V.   CONCLUSION AND ORDER

17
18
19
20
21
22
23
24

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. *Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000).  When no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id.* at 1179 ("the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"). But when there are outstanding issues that must be resolved before a determination of disability can be made, and

25
26
27

---

[3] The Court declines to address Plaintiff's remaining claim regarding the side effects of his medication, as reconsideration of Dr. Baik's opinion may resolve this issue on remand.

28

8

1   it is not clear from the record the ALJ would be required to find the claimant

2   disabled if all the evidence were properly evaluated, remand is appropriate. *Id.*

3         The Court finds that remand is appropriate because the circumstances of this

4   case suggest that further administrative review could remedy the ALJ's errors. *See*

5   *INS v. Ventura*, 537 U.S. 12, 16, 123 S. Ct. 353, 154 L.Ed.2d 272 (2002) (upon

6   reversal of an administrative determination, the proper course is remand for

7   additional agency investigation or explanation, "except in rare circumstances");

8   *Treichler v. Commissioner*, 775 F.3d 1090, 1101 (9th Cir. 2014) (remand for award

9   of benefits is inappropriate where "there is conflicting evidence, and not all

10   essential factual issues have been resolved"); *Harman*, 211 F.3d at 1180-81.  It is

11   not clear that the ALJ would be required to find Plaintiff disabled even if Dr.

12   Baik's medical opinion regarding the effect of fatigue on Plaintiff's ability to work

13   was fully credited.  *See Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)

14   (court will credit-as-true medical opinion evidence only where, inter alia, "the

15   record has been fully developed and further administrative proceedings would

16   serve no useful purpose").

17         IT IS THEREFORE ORDERED that Judgment be entered reversing the

18   Commissioner's decision and remanding this matter for further administrative

19   proceedings consistent with this Memorandum Opinion and Order.

20

21

22     DATED: September 01, 2015       _____

23                                GAIL J. STANDISH
                                 UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28